JOSEPH W. CUMMINGS & another *vs.* HORATIO SARGENT & another.

The owners of a tavern, by an instrument in which they recited that they had engaged R. to keep said tavern, empowered him, for them, and in their names, and for their use and benefit, to transact all business pertaining to said tavern, which, in his judgment, might promote their interest, and " to purchase, use and vend all necessary provisions for said house." *Held,* that R. was authorized to purchase spiritous liquors, wine and sugar, on the credit of the owners, to be used at the bar of said tavern.

ASSUMPSIT for gin, brandy, rum, wine and sugar, sold and delivered to the defendants. There was also a count for the same articles sold and delivered to Amos Russell, as the agent of the defendants.

At the trial, in the court of common pleas, before *Merrick,* J. it appeared that said articles were purchased of the plaintiffs by Amos Russell, to be used at the bar of the defendants' tavern, in Deerfield, and that they were so used. The only authority which Russell had, to make said purchase, was contained in an instrument executed by the defendants, as follows: " Whereas we have engaged Amos Russel[1] tc keep

the public house, and cultivate the farm appertaining to the same, in Deerfield; the said house and farm being the same that the said Russell formerly owned; now, therefore, be it known to all men, that we do, by these presents, make, constitute and appoint the said Amos Russell our true and lawful agent or attorney, for us and in our names, and for our use and benefit, to transact all business pertaining to said house and farm, that, in his judgment, may promote our interest; under this head, we authorize and empower the said Russell to purchase, use and vend all necessary provisions for said house; all necessary hay, straw and grain, beside what hay, straw and grain said farm may produce; all necessary horses, and cattle necessary for use in the premises," &c "And further, we authorize and empower the said Russell, in all things relating to the premises, to act for us as fully and effectually, to all intents and purposes, as we could, might or ought, were we personally present.

Horatio Sargent. (seal.)

April 1st 1842.          Obadiah Dickinson. (seal.) "

The defendants contended that this instrument did not authorize Russell to make said purchase on their credit. But the judge ruled otherwise, and instructed the jury that the defendants were liable in this action. A verdict was returned for the plaintiffs, and exceptions were filed by the defendants.

*R. A. Chapman & Ashmun*, for the defendants. Authority was not given to Russell, by the letter of attorney, to purchase any articles, to an indefinite extent, on the credit of the defendants; Story on Agency, §§ 77, 78; certainly not liquors and sugars to be retailed in a bar room. The general authority to "transact all business pertaining to said house and farm," was qualified and restricted, as to purchases, by these words; "under this head we authorize and empower the said Russell to purchase, use and vend all necessary *provisions* for said house," &c. They thus expressly limited his power of purchasing in their names to the purchase of provisions for the house. *Expressio unius est exclusio alterius.* Chit. Con. (5th Amer. ed.) 88. The only question then is, whether liquors

15 *

and sugars, to be used in a bar room, are provisions, within the meaning of the letter of attorney. Nothing in that instrument implies that the defendants intended that Russell should retail mixed liquors on their account.

*Brigham,* for the plaintiffs, cited 1 Livermore on Agency, 105. Story on Agency, §§ 58, 165, 226. *Codwise* v. *Hacker,* 1 Caines, 540. *Williams* v. *Mitchell,* 17 Mass. 98. *Withington* v. *Herring,* 5 Bing. 442. ＼ *White* v. *Westport Cotton Manuf. Co.* 1 Pick. 220. *Tappan* v. *Bailey,* 4 Met. 529. *Emerson* v. *Providence Hat Manuf. Co.* 12 Mass. 237.

THE COURT overruled the exceptions, and ordered judgment to be rendered on the verdict for the plaintiffs.